## Tapley et al. v. Lee et al.

October 24, 1947.

W. R. Prater, Judge.

Edward E. Bach and Leebern Allen for appellants.

D. E. Miller, F. T. Allen and Elmer C. Roberts for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In September, 1945, (the day not being shown), appellant, and plaintiff below, Frank Tapley, purchased a tract of land in Wolfe County from Jodie Spencer. The tract contained 56 acres and the consideration was $1,000. Adjoining it was a public road, and appellee, and defendant below, D. M. Lee, owned an adjoining tract on the opposite side of appellant's tract, the line between them paralleling the public road. At the time appellant purchased his 56-acre tract there was a road used for vehicular travel running through appellant's tract back to the line between his and appellee's tract, which appellant saw when he purchased his tract and so admitted in his testimony. He also admitted that the same road, or passway, continued from the line separating the two tracts at least to the residence of appellee on his tract.

A short while before the filing of this equity action in the Wolfe circuit court (March 1, 1946), appellant put obstructions in the passway where it connects with the public road which prevented it from being used as such. The appellee, Lee, under an agreement to purchase his tract took possession of it about 35 years prior to the filing of this action but did not receive his deed from his vendor until about 17 years thereafter or 18 years before the filing of this action. After appellant obstructed the passway, and before appellee learned of the obstruction, he or some members of his family attempted to use it with a truck in traveling from his home to the public road above mentioned and when they reached the obstructions at that place they were met by appellant and this happened, according to the testimony of appellee, which stands undenied in the record:

"He told us to stay off that road and not to come through there and then he went and got him a gun and brought there and the boys went to take some wire down that he had across the road and he came out with his gun and wouldn't let them."

Shortly thereafter this action was filed in which appellant alleged that appellees had trespassed upon his land by attempting to use the road or passway for vehicular travel, because of which he had been damaged in the sum of $250. By another paragraph in his petition he alleged that appellees were claiming a prescrip-

tive right to so use the passway which cast a cloud upon his title and he asked that they be enjoined from using it for any method of travel, and that the alleged cloud be removed.

Appellees denied the material averments of the petition, and by counterclaim asserted their alleged prescriptive right to so use it, and prayed that appellant be enjoined from obstructing the passway or in any manner from interfering with their alleged right to its use. A reply denying the affirmative allegations of the answer made the only issue, which was, and is: Whether or not appellee and his vendors had so used the passway adversely, continuously and under a claim of right for a period of 15 years or more.

The space between appellee's residence and the line separating the two tracts is wholly or partly covered with timber and at some place between the separating line of the two farms and his residence is a neighborhood cemetery which has been used for burial purposes for as much as 50 years. In going to and from it the passway in contest was traveled, but it also extended from the cemetery to appellee's residence thereby furnishing the only outlet by which he could reach the public road. Whether the passway continues beyond appellee's farm is not made clear, however, it is shown that there exists a more or less circuitous and rugged pathway from appellee's residence to the public road which is only adaptable to pedestrian travel or by horseback. The testimony shows that route to be not only a mile or more longer than the passway route for appellee to reach the public road, but also that it cannot be made usable for any kind of vehicular travel.

The court, after considerable proof taken and the cause submitted, dismissed the petition and sustained the prayer of defendants in their counterclaim, on the ground as further adjudged ''that the roadway in question is and has been for more than 15 years next before (the filing of) this action,'' (our parenthesis) etc., adversely appropriated by the members of the public including the owners of defendant's farm. From that judgment appellants prosecute this appeal.

Each side introduced numerous witnesses and they all appear to agree that the passway where it now runs

across appellant's farm had been in existence for a much greater period than 15 years, but some of appellant's witnesses were not certain as to whether the passway continued from his farm upon the land of appellee to or beyond his residence. But even those witnesses stated that it was necessary for its continuation as far as the old cemetery on appellee's tract. On the other hand he introduced a number of witnesses who testified that the passway continued across his farm after leaving appellant's farm; but its final termination is not shown. At any rate a number of witnesses testified that at least defendant and his vendors had used the passway across appellant's farm claiming it as a matter of right for more than 15 years before the filing of this action. Some of them said that it had been so used for as much as 50 years.

Whether the passway had thus been acquired by the public so as to convert it into a public road is not material to the issue in this case, since an adverse use of the passway across appellant's farm under a claim of right as an egress or ingress from the public road by the owners and occupants of appellee's farm for as much as 15 years or more before the filing of this action, is sufficient to support the court's judgment in dismissing appellant's action and enjoining him from further obstructing the use of the passway by appellee, and mandatorily requiring him to remove the obstructions that he had placed therein.

We are aware of this court's numerous pronouncements that the right to a passway cannot be acquired by only a permissive use given by the dominant land owner to the servient land owner, howsoever long such use might continue. It is likewise true that this court in numerous opinions has declared the rule to be, that when the use originates in such permission it will be presumed that the continued use was permissive only and not adverse unless it is made to appear that the servient claimant repudiates the permissive use and declares his use to be adverse and continues it with the knowledge of the dominant owner for the required period.

A witness for appellant, Sherman Profitt, testified, inter alia, that between six and eight years prior to the

filing of this action he owned the farm now owned by appellants and that at that time appellee was contemplating to and did construct a new residence on his (appellee's) land, and that he asked for and obtained permission of witness to haul material necessary for the construction of the house over the passway in question. Upon that testimony it is vigorously argued in brief of counsel for appellant, that the appellee used the passway under permission of the then dominant owner and therefore his use of the passway was not adverse so as to ripen into a prescriptive right and the judgment should therefore be reversed. The argument would be quite convincing but for the fact that it clearly appears that the passway had been used adversely by the owners of the servient estate for as much as or more than 15 years before appellee applied to the witness, Profitt, for permission to use it. In addition, appellee had not theretofore resided upon the land, although he had owned it under agreement to purchase it (and under the later conveyance to him) for a period of more than 15 years and he quite likely asked permission to so use it not knowing or realizing that his right to do so had already been acquired by the requisite adverse use of himself and prior owners in the manner hereinbefore stated. Therefore the mere asking for such permission by appellee in the circumstances was not an abandonment, surrender, or an extinguishment of his already acquired right.

We have cited in this opinion no case since the legal propositions argued have been so thoroughly settled by an unbroken line of this court's opinions that we deem it unnecessary to list them.

Wherefore, for the reasons stated, the judgment is affirmed.